# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
(Filed: September 18, 2015)

| | | |
|---|---|---|
| * * * * * * * * * * * * * *<br>ROBYN CHANG, Parent and Next<br>Friend of E.F., a Minor,<br><br>            Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>            Respondent.<br>* * * * * * * * * * * * * * | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | No. 14-717V<br><br><br>Chief Special Master Dorsey<br><br><br>Dismissal; Human Papillomavirus vaccine;<br>Gardasil; Guillain-Barré Syndrome;<br>Insufficient Proof |

<u>Richard Gage</u>, Richard Gage & Associates, Cheyenne, Wyoming, for Petitioner.
<u>Darryl Wishard</u>, United States Department of Justice, Washington, DC, for Respondent.

## DISMISSAL DECISION[1]

On August 8, 2014, Robyn Chang ("petitioner") filed a petition for compensation as parent and next friend of E.F., a minor, under the National Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 <u>et</u> <u>seq.</u> (2006) ("Vaccine Act"). Petitioner alleged that after receiving the second dose of the human papillomavirus ("HPV") vaccine on November 6, 2012, E.F. developed Guillain-Barré Syndrome ("GBS"). <u>See</u> Petition at 1.

Respondent filed the Rule 4(c) Report on December 18, 2014, arguing that this case is not appropriate for compensation. Respondent stated that petitioner failed to provide preponderant evidence in support of the petition for compensation and that compensation under the Vaccine Act for petitioner's injuries must therefore be denied.

On September 14, 2015, petitioner filed a motion for a dismissal decision. In the motion, petitioner states that she "does not intend to file any further evidence in this case." Motion for

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

Decision at 1.  Respondent's counsel communicated via an email to the undersigned's staff attorney that respondent does not intend to file a response to petitioner's motion.

To receive compensation under the Vaccine Act, petitioner must prove either 1) that E.F. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that E.F suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that E.F suffered a "Table Injury", nor does petitioner allege that E.F. suffered a Table injury.  Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that E.F.'s injuries were caused by a vaccination.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support.  Petitioner, however, has not offered a medical expert opinion.

Therefore, the only alternative remains to DENY this petition.  **Thus, this case is dismissed for insufficient proof.  In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master